**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| In re:<br><br>CINEWORLD GROUP PLC, *et al.*,[1]<br><br>                  Debtors. | Chapter 11<br><br>Case No. 22-90168 (MI)<br><br>(Jointly Administered) |
| National CineMedia, LLC,<br>                  Plaintiff,<br>      v.<br><br>Regal Cinemas, Inc.,<br>                  Defendant. | Adv. Pro. No. 22-03307 |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(f) OF THE
FEDERAL RULES OF CIVIL PROCEDURE**

On September 7, 2022 (the "Petition Date"), the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") filed voluntary petitions in this Court, commencing case number 22-90168 under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

On October 21, 2022, the Debtors filed *Debtors' Motion for an Entry of An Order (I) Authorizing the Rejection of a Certain Exhibitor Services Agreement, and (II) Granting Related Relief* [Dkt. No. 576] (the "Rejection Motion"). On the same day, National CineMedia, LLC filed its adversary complaint (the "Complaint") against the Debtor Regal Cinemas, Inc., which initiated

---

[1] A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://cases.ra.kroll.com/cineworld. The location of the Debtor Cineworld Group plc's principal place of business and the Debtors' service address in these chapter 11 cases is 8th Floor Vantage London, Great West Road, Brentford, England, TW8 9AG, United Kingdom.

this adversary proceeding.  *See* Adv. Pro. No. 22-03307, Dkt. No. 1.  On October 24, 2022, the

Court issued its *Order Setting Rule 7016 Conference, Requiring Rule 7026 Meeting, Establishing*

*Procedures for Discovery Disputes, and Emphasizing Applicability of Certain Federal Rules of*

*Civil Procedure as Made Applicable by the Federal Rules of Bankruptcy Procedure* (the

"Conference Order").  *See* Adv. Pro. 22-03307, Dkt. No 4.  The Conference Order required that

the parties conduct a meeting under Rule 26(f) of the Federal Rules of Civil Procedure, as made

applicable by Rule 7026 of the Federal Rule of Bankruptcy Procedure (the "Bankruptcy Rules"),

and file a Rule 26(f)(3) Report by January 26, 2023, prior to the Rule 16 conference scheduled for

February 2, 2023, at 9:00 a.m. CST.

1.    **State where and when the meeting of the parties required by Rule 26(f) was held, and**
      **identify the counsel who attended for each party.**

      The parties met and conferred on January 12, 2023 at 3:00 p.m. ET via videoconference.

The following counsel participated in the meeting: (i) Elizabeth Marks and Alexander Mills,

Latham & Watkins LLP, counsel for Plaintiff and Counterclaim Defendant, National CineMedia,

LLC ("NCM" or "Plaintiff") (ii) William Arnault, Kent Hayden, and Nadia Abramson of Kirkland

& Ellis LLP, counsel for Defendant and Counterclaim Plaintiff, Regal Cinemas, Inc. ("Regal," the

"Debtor," or "Defendant").

2.    **List the cases related to this one that are pending in any state or federal court with**
      **the case number and court.**

      This adversary proceeding was commenced as related to the bankruptcy cases commenced

under chapter 11 of the Bankruptcy Code for Cineworld Group Plc and certain affiliates, jointly

administered as *In re Cineworld Group Plc, et al.*, Case No. 22-90168, filed in the United States

Bankruptcy Court for the Southern District of Texas, Houston Division.  Regal commenced a

related adversary proceeding on October 31, 2022, administered as Adv. Pro. No. 22-03313,

13786256

currently pending before the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

3.      **Briefly describe what this case is about.**

   *Plaintiff's Contentions*

   This case is a contractual dispute between the parties that centers around a joint venture between Plaintiff NCM, American Multi-Cinema, Inc., Cinemark Media, Inc., and Regal CineMedia Holdings, LLC to form a cost-efficient digital content network with economies of scale.  At the heart of the joint venture, and this case, lies the *Exhibitor Services Agreement Between National CineMedia, LLC and Regal Cinemas, Inc.*, dated on or about February 13, 2007 (as amended, the "Regal ESA"), and certain ancillary agreements, that appointed NCM as Regal's long-standing, exclusive advertising service provider for all Regal theaters located in the United States (subject to certain narrow exceptions not at issue here) since 2007.  The cornerstones of the Regal ESA are exclusivity, non-competition, non-negotiation, and confidentiality provisions (the "Negative Covenants").

   On September 7, 2022, the Debtors, including Regal, filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  On October 21, 2022, the Debtors filed the Rejection Motion, deciding to reject the Regal ESA without waiting for an intended offer from NCM.  Even though the Negative Covenants would survive the rejection of the Regal ESA, Regal has sought to use the Chapter 11 process to resell the very same exclusive rights it has granted to NCM in the Regal ESA.  Regal's actions in furtherance of its goal of rewriting the Regal ESA are in violation of the Negative Covenants.  Any such breach by Regal inflicts substantial and irreparable harm on NCM, justifying the Plaintiff's need for declaratory and injunctive relief.

*Defendant's Contentions*

Through this adversary proceeding and other means, NCM has sought to subvert the protections of the Bankruptcy Code and prevent the Debtor from fulfilling its duty to maximize value to its estates. The Debtor is a party to the Regal ESA, which, among other things, formalizes an advertising services arrangement with NCM in exchange for the payment of fees. However, as a debtor in bankruptcy, the Debtor has a codified right to reject certain contracts that may burden the estate. *See* 11 U.S.C. § 365(d)(2). To that end, in connection with the commencement of these chapter 11 cases, the Debtors, with the assistance of their advisors, analyzed their portfolio of executory contracts and unexpired leases to determine a path forward that would be in the best interest of the Debtors' estates. That analysis determined that the Regal ESA, as currently structured, does not offer the Debtor sufficient flexibility to control costs and maximize advertising revenue. Negotiations remain ongoing, and the Debtor is committed to obtaining the best deal for its advertising services, in accordance with its fiduciary obligations.

If the Debtor chooses to reject the Regal ESA, the ESA Provisions would not be enforceable post-rejection.

**4.      Specify the allegation of federal jurisdiction.**

The parties agree that the United States Bankruptcy Court for the Southern District of Texas has jurisdiction over this matter pursuant to 28 U.S.C. § 1334.

**5.      Name the parties who disagree and the reasons.**

None.

**6.      List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

The parties do not anticipate that any additional parties need to be added to the adversary proceeding at this time.

4

13786256

**7.      List anticipated interventions.**

The parties do not anticipate any interventions at this time.

**8.      Describe class-action issues.**

Not applicable.

**9.      State whether each party represents that it has made the initial disclosures required by Rule 26(a).  If not, describe the arrangements that have been made to complete the disclosures.**

As required by Rule 26(a)(1)(C), the parties have agreed to provide their respective initial disclosures within 14 days after the parties' Rule 26(f) conference, which took place on January 12, 2023.  Accordingly, both parties have agreed to exchange their initial disclosures on or before January 26, 2023.

**10.      Describe the proposed agreed discovery plan, including:**

**A.  Responses to all the matters raised in Rule 26(f).**

The parties conferred regarding the topics set forth in Rule 26(f) and report as follows:

a.  **26(f)(3)(A):**  The parties do not request any changes in the form or requirement for disclosures under Rule 26(a).  Initial disclosures will be exchanged no later than January 26, 2023, consistent with Rule 26(a)(1)(C).

b.  **26(f)(3)(B):**  The parties will engage in discovery related to the claims and defenses raised in the adversary complaint and any counterclaims asserted by the Defendant. The parties do not otherwise propose limiting discovery.

c.  **26(f)(3)(C):**  The parties have discussed the existence of electronically stored information ("ESI") in this matter and have agreed on an initial set of custodians as part of the ongoing discovery in this matter.  The parties agree to continue the

5

dialogue, as appropriate.  The parties agree to cooperate in producing ESI in database ready load files.  In line with existing practice, the parties plan to continue to produce ESI through their respective FTP sites.

d. **26(f)(3)(D):**  While each party reserves the right to assert any privilege to which it is entitled under the law, at this time, the parties do not anticipate any issues about claims of privilege or protection as trial preparation materials.

e. **26(f)(3)(E):**  At this time, the parties do not request any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure, the Bankruptcy Rules, and the Bankruptcy Local Rules.

f. The parties are continuing to meet and confer regarding a scheduling order.

**B.  When and to whom the plaintiff anticipates it may send interrogatories.**

Plaintiff is evaluating whether it will serve interrogatories.

**C.  When and to whom the defendant anticipates it may send interrogatories.**

The Debtor is evaluating whether it will serve interrogatories.

**D.  Of whom and by when the plaintiff anticipates taking oral depositions.**

Plaintiff has already served notices of depositions in connection with the Case No. 22-90168, *In re Cineworld Group Plc, et al.*, in the United States Bankruptcy Court for the Southern District of Texas, Houston Division.

On October 5, 2022, NCM served a notice of oral examination of the Debtors pursuant to Federal Rule of Civil Procedure 30(b)(6), as incorporated by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure in connection with *National CineMedia, LLC's Emergency Motion for Entry of Interim and Final Orders Granting Adequate Protection Pursuant to 11 U.S.C. §§ 105, 361, AND 363* [Dkt. No. 433].  The

6

deposition was noticed for October 13, 2022 starting at 9:00 a.m. ET, but was adjourned by agreement of the parties.

On January 26, 2023, NCM served (i) a notice of an oral deposition to the Debtors pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, as incorporated by Rules 7030 and 9014 of the Federal Rules of Bankruptcy Procedure in connection with the *Debtors' Motion for Entry of an Order (I) Authorizing the Rejection of a Certain Exhibitor Services Agreement, and (II) Granting Related Relief* [Dkt. No. 576]. On the same date, NCM served notices of deposition to Moshe (Mooky) Greidinger (Chief Executive Officer, Cineworld Group PLC) and Renana Teperberg (Chief Commercial Officer, Cineworld Group PLC) pursuant to Rules 26 and 30(b)(1) of the Federal Rules of Civil Procedure, as made applicable to these proceedings by Rules 7026, 7030, and 9014 of the Federal Rules of Bankruptcy Procedure, in connection with the *Debtors' Motion for Entry of an Order (I) Authorizing the Rejection of a Certain Exhibitor Services Agreement, and (II) Granting Related Relief* [Dkt. No. 576]. The aforementioned depositions were noticed for February 13, February 14, and February 15, 2023, respectively. These dates are subject to change to ensure the completion of document productions sufficiently in advance of each deposition.

Plaintiff expressly reserves its right to notice additional depositions, including, without limitation, in connection with this adversary proceeding. In addition to the aforementioned depositions, NCM anticipates taking the depositions of (1) Jim Mesterharm (Managing Director, AlixPartners) and/or a 30(b)(6) deposition of AlixPartners; (2) Steven Zelin, (Partner and Global Head of Restructuring and Special

7

13786256

Situations Group, PJT Partners) and/or a 30(b)(6) deposition of PJT Partners; (3) other persons identified through discovery that have personal and significant knowledge of the facts supporting the claims and defenses asserted in this adversary proceeding; and (4) all expert witness(es) designated by Defendant.  Plaintiff anticipates taking oral depositions by the fact discovery cutoff.

**E.  Of whom and by when the defendant anticipates taking oral depositions.**

The Debtors anticipate taking the depositions of any persons identified through discovery or by Plaintiff who have knowledge of the facts supporting the claims and defenses asserted in this adversary proceeding.

**F.  When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports.**

NCM may designate experts on issues for which it bears the burden of proof. NCM will designate any such experts by the deadline to identify expert witnesses.

The Debtors will designate responsive experts and provide reports, if any, by the deadline set by the Court.

**G.  List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

Plaintiff anticipates taking the depositions of any defense experts as soon as reasonably possible after service of Defendant's expert reports, but no later than the cutoff for expert discovery.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).**

The Debtors anticipate taking the depositions of any experts disclosed by NCM as soon as reasonably possible after service of NCM's expert reports, if any, but no later than the cutoff for expert discovery.

**I. Summarize the parties' proposed process for resolving future discovery disputes.**

The parties agree to attempt, in good faith, to resolve discovery disputes informally before filing a motion to compel further responses or a motion for a protective order. In the event of a discovery dispute, the party that served the discovery request(s) at issue must notify the opposing party by email or letter of the specific issues that have not been resolved, and then may seek a teleconference with the Court. Motions to compel or limit discovery may not be filed except as outlined in paragraph 12 of the Conference Order.

**11.   If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

The parties are in agreement on the discovery plan set forth herein and are continuing to meet and confer on an appropriate schedule.

**12.   Specify the discovery beyond initial disclosures that has been undertaken to date.**

To date, NCM has served three sets of discovery requests on Regal in connection with this matter and the Rejection Motion. In response, NCM has received seven document productions totaling 425 documents, covering the time period from January 3, 2022 through October 14, 2022.

The Debtors, including Regal, have submitted three sets of discovery requests on NCM in connection with this matter and the Rejection Motion. The parties have engaged in a meet and confer regarding NCM's Response to Debtor's First Set of Discovery Requests on December 19,

2022.  NCM subsequently produced 29 documents to Regal.  The Debtors maintain that additional responsive documents should be produced, and the parties are continuing their dialogue regarding the discovery requests.

**13.     State the date the planned discovery can reasonably be completed.**

The parties are continuing to meet and confer on an appropriate schedule.

**14.     Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

The parties have engaged in discussions with respect to a potential resolution of the issues raised in this adversary proceeding.  While the parties intend to continue the conversation between the respective parties' business representatives, there are currently no prospects for a settlement of this adversary proceeding.

**15.     Describe what each party has done or agreed to do to bring about a prompt resolution.**

See parties' joint response to item 14, above.

**16.     From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

No alternative dispute resolution techniques are reasonably suitable at this time.  The parties, however, will continue to evaluate the effectiveness of a mediation in light of any developments in the business-to-business discussions.

**17.     Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

Not applicable.

**18.     State whether a jury demand has been made and if it was made on time.**

No jury demand has been made.

13786256

**19.** **Specify the number of hours it will take to present the evidence in this case.**

The parties anticipate that presentation of evidence, if any, can be completed in approximately one court day.

**20.** **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

None.

**21.** **List other motions pending.**

No motions are currently pending in this adversary proceeding.  In the case styled *In re Cineworld Group Plc, et al.*, Case No. 22-90168, the Rejection Motion remains pending before this Court.

**22.** **Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.**

None.

11

13786256

23.    **List the names, bar numbers, addresses and telephone numbers of all counsel.**

        **LATHAM & WATKINS LLP**
        George A. Davis* (NY 2401214)
        1271 Avenue of the Americas
        New York, NY 10020
        Telephone: (212) 906-1200
        Email: george.davis@lw.com

        **LATHAM & WATKINS LLP**
        Suzzanne S. Uhland* (NY 5359328; CA 136852; DC 1020491)
        1271 Avenue of the Americas
        New York, NY 10020
        Telephone: (212) 906-1200
        Email: suzzanne.uhland@lw.com

        **LATHAM & WATKINS LLP**
        Gary Feinerman (IL 6206906) (*pro hac vice* pending)
        330 North Wabash Avenue, Suite 2800
        Chicago, IL 60611
        Telephone: (312) 876-7700
        Email: gary.feinerman@lw.com

        **LATHAM & WATKINS LLP**
        Christopher Harris (NY 291426; CA 187472)
        1271 Avenue of the Americas
        New York, NY 10020
        Telephone: (212) 906-1200
        Email: christopher.harris@lw.com

        **LATHAM & WATKINS LLP**
        Adam S. Ravin* (NY 4079190; NJ 047591995)
        1271 Avenue of the Americas
        New York, NY 10020
        Telephone: (212) 906-1200
        Email: adam.ravin@lw.com

        **LATHAM & WATKINS LLP**
        Elizabeth R. Marks* (MA 706297; NY 4864054)
        200 Clarendon Street
        Boston, MA 02116
        Telephone: (617) 948-6000
        Email: betsy.marks@lw.com

**LATHAM & WATKINS LLP**
Tianjiao "TJ" Li* (NY 5689567)
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: tj.li@lw.com

*Admitted Pro Hac Vice*

**PORTER HEDGES LLP**
John F. Higgins (TX 09597500)
1000 Main Street, 36th Floor
Houston, Texas 77002
Phone: (713) 226-6000
Fax: (713) 228-1331
Email: jhiggins@porterhedges.com

**PORTER HEDGES LLP**
Eric M. English (TX 24062714)
1000 Main Street, 36th Floor
Houston, Texas 77002
Phone: (713) 226-6000
Fax: (713) 228-1331
Email: eenglish@porterhedges.com

***Counsel to National CineMedia, LLC and
National CineMedia, Inc.***

13786256

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Joshua A. Sussberg, P.C.*
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christopher Marcus, P.C.*
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: christopher.marcus@kirkland.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Christine Okike, P.C.*
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
Email: christine.okike@kirkland.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
Josh Greenblatt, P.C.*
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
joshua.sussberg@kirkland.com
Email: josh.greenblatt@kirkland.com

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**
William E. Arnault*
300 North LaSalle
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
Email: william.arnault@kirkland.com

*Admitted Pro Hac Vice*

14

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: mcavenaugh@jw.com

**JACKSON WALKER LLP**
Rebecca Blake Chaikin (S.D. Bar No. 3394311)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: rchaikin@jw.com

**JACKSON WALKER LLP**
Veronica A. Polnick (TX Bar No. 24079148)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: vpolnick@jw.com

**JACKSON WALKER LLP**
Vienna Anaya (TX Bar No. 24091225)
1401 McKinney Street, Suite 1900
Houston, TX 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
Email: vanaya@jw.com

*Co-Counsel to the Debtors and
Debtors in Possession*

15

13786256

Dated:  January 26th, 2023

Respectfully submitted

**LATHAM & WATKINS LLP**

*/s/ Elizabeth R. Marks*
George A. Davis*
Suzzanne S. Uhland*
Gary Feinerman (*pro hac vice* pending)
Christopher Harris
Adam S. Ravin*
Elizabeth R. Marks*
Tianjiao "TJ" Li*
1271 Avenue of the Americas
New York, NY 10020
Telephone: (212) 906-1200
Email: george.davis@lw.com
        suzzanne.uhland@lw.com
        gary.feinerman@lw.com
        christopher.harris@lw.com
        adam.ravin@lw.com
        betsy.marks@lw.com
        tj.li@lw.com

-  and -

**PORTER HEDGES LLP**

Eric M. English (TX 24062714)
1000 Main Street, 36th Floor
Houston, Texas 77002
Phone: (713) 226-6000
Fax: (713) 228-1331
Email: eenglish@porterhedges.com

*Admitted Pro Hac Vice*

***Counsel to National CineMedia, LLC and National CineMedia, Inc.***

16

13786256

**KIRKLAND & ELLIS LLP**
**KIRKLAND & ELLIS INTERNATIONAL LLP**

*/s/ William E. Arnault*
Joshua A. Sussberg, P.C.*
Christopher Marcus, P.C.*
Christine Okike, P.C.*
Josh Greenblatt, P.C.*
601 Lexington Avenue
New York, New York 10022
Telephone:     (212) 446-4800
Facsimile:      (212) 446-4900
Email:           joshua.sussberg@kirkland.com
                     christopher.marcus@kirkland.com
                     christine.okike@kirkland.com
                     josh.greenblatt@kirkland.com

- and -

William E. Arnault*
300 North LaSalle
Chicago, Illinois 60654
Telephone:     (312) 862-2000
Facsimile:      (312) 862-2200
Email: w         illiam.arnault@kirkland.com

*Admitted Pro Hac Vice*

- and -

**JACKSON WALKER LLP**
Matthew D. Cavenaugh (TX Bar No. 24062656)
Rebecca Blake Chaikin (S.D. Bar No. 3394311)
Veronica A. Polnick (TX Bar No. 24079148)
Vienna Anaya (TX Bar No. 24091225) Christine
1401 McKinney Street, Suite 1900 Josh
Houston, TX 77010
Telephone:     (713) 752-4200
Facsimile:      (713) 752-4221
Email:           mcavenaugh@jw.com
                     rchaikin@jw.com
                     vpolnick@jw.com
                     vanaya@jw.com

*Co-Counsel to the Debtors and Debtors in*
*Possession*

17

13786256

## CERTIFICATE OF SERVICE

This is to certify that on the 26th day of January, 2023, a true and correct copy of the foregoing Joint Discovery / Case Management Plan under Rule 26(f) of the Federal Rules of Civil Procedure was served by electronic transmission to all registered ECF users appearing in the case.

*/s/ Elizabeth R. Marks*
Elizabeth R. Marks